# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

GROVER L. GARDNER and
ROSINA G. GARDNER,

     PLAINTIFFS,

vs.                                             CASE NO. CV 08-J-1555-NE

ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA;
ROBERT E. BRADFORD; RETIREMENT
PLANNING CORPORATION; SENIOR
INFO CENTER; ALLEN SPRINGER; and
PROFESSIONAL PLANNERS MARKETING
GROUP, LLC,

     DEFENDANTS.

## MEMORANDUM OPINION

This matter is before the court on the notice of removal filed by defendants Allianz Life Insurance Company of North America ("Allianz") and Professional Planners Marketing Group, LLC ("PPMG") (doc. 1).  Having considered the defendants' motion *sua sponte*, the court is of the opinion that federal jurisdiction is lacking and that this case is due to be remanded to the state court from which it was improperly removed.

Allianz and PPMG removed this action from the Circuit Court of Limestone County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a).  Defendants alleges that the matter in controversy exceeds

$75,000.00 and it is between citizens of different states.  Notice of Removal, ¶¶ 33. Although defendant Retirement Planning Corporation ("RPC") is not diverse from the plaintiffs, the removing defendants alleges that RPC is fraudulently joined. Notice of Removal, ¶¶ 16.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder of the non-diverse party, as alleged by the defendant.

> Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991 F.2d 1533 (11th Cir.1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker,* 709 F.2d at 1440.... Turning to the first type, "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was

> proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998). However, the potential for legal liability "must be reasonable, not merely theoretical." *Legg v. Wyeth,* 428 F.3d 1317, 1325 n. 5 (11th Cir.2005); citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002). "In considering *possible* state law claims, possible must mean 'more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible.  Surely, as in other instances, reason and common sense have some role.'" *Legg v. Wyeth,* 428 F.3d at 1325 n. 5 (citation omitted)(emphasis in original).

The defendants, as the parties removing the action to federal court, have the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996).  All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)( "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; ... where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."); *Diaz*, 85 F.3d at 1505. Removal statutes should be construed narrowly with any doubt resolved in favor of

remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir.2003); *Diaz v. Sheppard*, 85 F.3d at 1505.

In a quite convoluted argument, the removing defendants assert that the plaintiffs dismissal of various individual defendants by an agreement in a wholly separate case is actually a de facto dismissal with prejudice of the claims against non-diverse defendant RPC, in spite of language to the contrary in that agreement. According to the complaint, defendant Allianz, through its agents Bradford, Springer, RPC and Senior Info,[1] fraudulently marketed an "upfront" premium bonus to elderly individuals such as the plaintiffs to entice them into purchasing two-tiered equity-indexed annuities. Complaint, ¶ 1. As a result of defendants' representations, the plaintiffs invested their life savings in defendant Allianz's product. Complaint, ¶ 3. Robert Bradford ("Bradford"), who was dismissed without prejudice prior to the removal of this action, is president of RPC. Allen Springer, who was also dismissed, is the executive director of Senior Info.

The plaintiffs' counsel in this and other similar actions allegedly met with the Alabama Securities Commission, after which Bradford learned he may be at risk of criminal prosecution. Notice of Removal, at 2. Since then, Bradford has stated that he will assert his rights under the Fifth Amendment to the United States Constitution

---

[1] The parties all agree that Senior Info is merely a trade name under which defendant RPC does business and not a separate legal entity.

if made to testify at this or any of the similar cases.  According to defendant Allianz, Bradford is "the only person in the world who can tell Allianz's side of the story about what happened when he alone met with the Walker County plaintiff – or, for that matter, Mr. And Mrs. Gardner or any of the other plaintiffs around Alabama." [2] Notice of Removal, at 2.  Removing defendants assert plaintiffs are now trying to "force Allianz to trial" so that they may have "their claims of what happened between the Walker County plaintiff and Bradford go un-refuted."  Notice of Removal, at 3.

The agreement, to which removing defendants are apparently not parties, dismissed the claims against Bradford, Springer, and others not named in this action. That agreement states that the claims against the individual defendants are dismissed without prejudice in all the named related cases in which any of those individuals are named as defendants.  See Exhibit D to Notice of Removal and Exhibit A to Exhibit D.  Plaintiffs further agree not to join any of the individuals in question into currently pending suits or in different suits, so long as the named individuals comply with the agreement, and as long as the plaintiffs get to try their cases to verdict or settle with any other party. Id., at ¶¶ 5, 8.  Furthermore, the plaintiffs agree that if they do add

---

[2] The "Walker County plaintiff" is not a party to this action.  The court notes that what happened between the "Walker County plaintiff" and Bradford is not evidence of events that occurred in this case.  Thus, this court is not particularly concerned with what evidence may or may not be presented by plaintiffs in another case in another court.

the individuals in question as defendants, they will do so in new litigation which will not relate back for purposes of the statute of limitations. Id., ¶ 9.

Most interestingly to this court, that agreement also contains the following two paragraphs:

> 12. Plaintiffs agree not to seek recovery from any of the individual Bradford Defendants through a piercing of the corporate veil of RPC, or otherwise, for any judgment obtained in a case while the individual Bradford Defendants are not parties.
>
> 14. Plaintiffs further agree that, should they obtain a judgment against RPC, whether by default or otherwise, they will not mention any of the individual Bradford defendants or Senior Info Center by name in connection with any news coverage or subsequent discussions of that judgment. Plaintiffs acknowledge that Senior Info Center is a trade name and not a separate legal entity. Further, Plaintiffs agree that Senior Info Center will not be referenced in any judgment which they might obtain against RPC.

Agreement, submitted as Exhibit D to Notice of Removal.

Based on this very agreement, the removing defendants assert that the dismissals contemplated by that agreement as "without prejudice" really are "with prejudice." Notice of Removal, at 3, 5-9. Based wholly on the argument that the court should read "without prejudice" as "with prejudice," Allianz concludes that there are no remaining viable claims against defendant RPC, and hence, complete diversity exists.

The only problem with this argument is that the agreement very specifically states that the dismissal of the individual defendants shall be without prejudice. Indeed, in the motion to voluntarily dismiss defendants Robert Bradford and Allen Springer without prejudice filed in the Circuit Court of Limestone County, Alabama, in this case, the plaintiffs clearly request these two defendants be dismissed "without prejudice." Exhibit F to Notice of Removal. Even more problematic for the removing defendants is plaintiffs' assertion that "Plaintiffs continue to pursue all of their claims against the remaining Defendants" and that "Plaintiffs continue to pursue all of their claims against the remaining Defendants, including but not limited to Retirement Planning Corporation." *Id*. On August 22, 2008, this motion was granted by the Circuit Court.

In spite of this language, the removing defendants argue to this court that, because the claims against the individual defendants Bradford and Springer were dismissed, and that dismissal really should have been with prejudice even though plaintiffs stated it was without prejudice, and the only claims against defendant RPC are based on vicarious liability, there are no valid claims remaining against defendant RPC and therefore, for purposes of removal, RPC has been fraudulently joined. Notice of Removal, ¶¶ 21-22. The problem with removing defendants argument is

that the dismissals were without prejudice, and plaintiffs specifically stated they retained their claims against defendant RPC.

Under Alabama law, the dismissal with prejudice of tort claims against an agent exonerates the principal from vicarious liability for those alleged torts and entitles the principal to a judgment as a matter of law. *Hundley v. J.F. Spann Timber, Inc.*, 962 So.2d 187, 193 (Ala.2007), citing *Alfa Life Ins. Corp. v. Jackson*, 906 So.2d 143, 154-55 (Ala.2005). In contrast, the plaintiffs here moved for dismissal of the individual defendants without prejudice, while specifically stating that they intended to continue to pursue their claims against RPC. Under Alabama law, this is all that is required of the plaintiffs to continue to pursue their claims against RPC. *See e.g., Duagherty v. M-Earth of Alabama, Inc.*, 519 So.2d 467, 468 (Ala.1987). In *Daugherty*, the Alabama Supreme Court held:

> "The only desirable rule would seem to be that a plaintiff should never be deprived of a cause of action against any wrongdoer when the plaintiff has neither intentionally surrendered the cause of action nor received substantially full compensation. If the statutes are taken into account, this is now the rule actually applied in most American jurisdictions. Where there has been such full satisfaction, or where it is agreed that the amount paid under the release is so received, no claim should remain as to any other tortfeasor; but these are questions of fact, and normally to be determined by the jury, where the amount of the claim is unliquidated. The release, however, may very well be taken as a prima facie acknowledgment of satisfaction, and the burden placed upon the plaintiff to prove that it is not. The requirement that an express reservation of rights against other tortfeasors be inserted in the release itself seems unfortunate, when releases frequently are signed by

> plaintiffs ignorant of the law and without legal advice. If it is clear that the satisfaction received was understood to be only partial, it should not discharge the claim against the second tortfeasor."

*Id.* (quoting Keeton, *Prosser and Keeton on Torts*, § 49, p. 335 (5th ed. 1984) (footnotes omitted)). In other words, the plaintiffs clearly intended to proceed in their action against the principal, namely RPC, stated that they intended to do so, and included language indicating their intent in both the agreement and the motion to voluntarily dismiss filed in the Circuit Court of Limestone County, Alabama.

The law recognizes that the plaintiffs are the masters of their own complaint. As such, they remain free to join such claims or parties in a single action as are permitted under the law and the Federal Rules of Civil Procedure. The same is no less true where plaintiffs' decisions to join a non-diverse or forum-resident party may have repercussions for purposes of removal jurisdiction. *See, e.g., Triggs*, 154 F.3d at 1291 (stating that "the motive of the plaintiff [in joining defendants], taken by itself, does not affect the right to remove").

In this action, the plaintiffs brought real and viable claims against RPC, and have stated everywhere possible their intent to pursue those claims. In their complaint, plaintiffs have brought claims for fraud, fraudulent suppression, negligence, breach of contract, conspiracy, and breach of fiduciary duty against defendant RPC, and others. Clearly, plaintiffs may pursue each of these claims

9

against a principal without actually pursuing an action against an agent. Hence, the all important distinction between dismissing the individuals in question without prejudice, as opposed to with prejudice. Whether or not the plaintiffs may ultimately prevail on their claims is not a relevant consideration for this court, but only whether the plaintiffs "have a possibility of stating a valid cause of action." *Triggs*, 154 F.3d at 1287. Because the plaintiffs have stated valid causes of action against the resident defendant, complete diversity between the parties is lacking.

In light of the foregoing, the court is of the opinion that diversity between all parties is lacking and hence this court is without jurisdiction over this action. Thus finding that this case has been improvidently removed, the court shall remand this case to the Circuit Court of Limestone County, Alabama, by separate Order.

**DONE** and **ORDERED** this the 4th day of September, 2008.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE